IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GARRY McCALLISTER,

    Plaintiff,

vs.                                                                                                      No. CIV 02-355  JP/KBM

CITY OF ALBUQUERQUE, a municipal
corporation and OFFICER RICHARD
LOCKE, individually and in his official
capacity as an Albuquerque police officer,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

On September 26, 2003, this Court issued an Order (Doc. No. 69) allowing Defendant City of Albuquerque ("City") to renew its motion for judgment as a matter of law under FED. R. CIV. P. 50(b) or, alternatively, to request a new trial under FED. R. CIV. P. 59 by filing a motion within ten days after the entry of judgment. On October 6, 2003, the City timely filed a Motion for Judgment as a Matter of Law or, in the Alternative, for a New Trial (Doc. No. 76). Having carefully reviewed the briefs and the relevant case law, this Court will deny the City's motion.

**I.    BACKGROUND**

Plaintiff Garry McCallister is a diagnosed epileptic who suffers from gran mal seizures. During the early morning on February 15, 2000, while driving to his job at the Albuquerque Convention Center, Plaintiff suffered a severe and debilitating epileptic seizure that caused him to have a single car accident. The Albuquerque Police Officer who responded to the accident scene,

1

Officer Richard Locke, detected an odor of alcohol, and arrested Plaintiff for the offenses of driving while intoxicated and careless driving. Because Plaintiff was injured in the accident, Officer Locke ordered emergency medical personnel to transport Plaintiff to the University of New Mexico Hospital ("UNMH"), where he was placed under an "arrest hold." While at UNMH, Plaintiff underwent a blood test, which revealed that his blood alcohol level was zero. Doctors at UNMH determined that Plaintiff had suffered an epileptic seizure.

On February 16, 2000, Albuquerque Police Department Officer Greg Hagel went to UNMH to transport Plaintiff to the Bernalillo County Detention Center ("BCDC"). Upon arriving at UNMH, Officer Hagel learned that Plaintiff's blood alcohol level had been zero, and that Plaintiff had suffered an epileptic seizure. In light of this new information, Officer Hagel contacted his supervisor, Albuquerque Police Department Sergeant Andrew Perez, and asked whether he should proceed with transporting Plaintiff to BCDC for booking. Sergeant Perez ordered Officer Hagel to take Plaintiff to BCDC, asserting that Officer Hagel did not have all the facts surrounding Plaintiff's arrest, and that Officer Hagel's job was to simply transport Plaintiff to the detention center. Officer Hagel then transported Plaintiff to BCDC, where he remained in police custody for approximately thirty-six hours. The District Attorney's office later dropped all charges against Plaintiff.

Plaintiff filed suit against Defendants Officer Locke and the City, asserting claims under 42 U.S.C. § 1983 and the New Mexico Tort Claims Act ("NMTCA"), N.M.S.A. 1978 § 41-4-12.[1] This case was tried before a jury beginning on September 22, 2003. The case was submitted to

---

[1] Plaintiff did not sue either Officer Greg Hagel or Sergeant Andrew Perez individually.

the jury on two theories: 1) that Defendant Officer Locke, individually and through the course of his employment with the City, falsely arrested and/or falsely imprisoned Plaintiff; and 2) that Defendant City, through its agent Sergeant Perez, falsely imprisoned Plaintiff.

At the close of all the evidence, Defendants made a motion under FED. R. CIV. P. 50(a) for judgment as a matter of law.  The Court took Defendants' motion under advisement and submitted the case to the jury, subject to the Court's later consideration of the legal questions raised by the motion.  See FED. R. CIV. P. 50(b).  On September 25, 2003, the jury returned a unanimous Special Verdict Form (Doc. No. 75) finding in favor of Defendant Officer Locke on all of Plaintiff's claims, and in favor of Plaintiff against Defendant City on the ground that Sergeant Perez had falsely imprisoned Plaintiff.  The jury awarded Plaintiff $50,000 in compensatory damages.

## II.  DISCUSSION

### A.  Standard of Review

Defendants made their motion for judgment as a matter of law under Rule 50(a).  After the jury returned its verdict, the City renewed its request for judgment as a matter of law under Rule 50(b), which states in pertinent part that:

> If for any reason, the court does not grant a motion for judgment as
> a matter of law made at the close of all the evidence, the court is
> considered to have submitted the action to the jury subject to the
> court's later deciding the legal questions raised by the motion . . . .
> [I]n ruling on a renewed motion, the court may . . . if a verdict was
> returned . . . allow the judgment to stand, order a new trial, or
> direct entry of judgment as a matter of law . . . .

FED. R. CIV. P. 50(b).  The Tenth Circuit has held that a party is entitled to judgment as a matter of law under Rule 50(b) only if the evidence points but one way and is susceptible to no

3

reasonable inferences which may support the opposing party's position.  <u>Snyder v. City of Moab</u>, 354 F.3d 1179, 1184 (10th Cir. 2003).  In reviewing the record, the Court will not weigh evidence, judge witness credibility, or challenge the factual conclusions of the jury.  <u>Hampton v. Dillard Dept. Stores, Inc.</u>, 247 F.3d 1091, 1099 (10th Cir. 2001).   Judgment as a matter of law is appropriate only if there is no legally sufficient evidentiary basis for a claim under the controlling law.  <u>Bristol v. Board of County Comm'rs</u>, 312 F.3d 1213, 1216 (10th Cir. 2002). The Court will consider the evidence and any inferences drawn therefrom in favor of the non-moving party. <u>Brown v. Gray</u>, 227 F.3d 1278, 1285 (10th Cir. 2000).

>    The City brings its motion for a new trial under Rule 59(a), which states in pertinent part: "[a] new trial may be granted . . . in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law . . . ." FED. R. CIV. P. 59(a). The Tenth Circuit has stated that a motion for a new trial "is not regarded with favor and should only be granted with great caution." <u>United States v. Kelly</u>, 929 F.2d 582, 586 (10th Cir. 1991).  The decision to grant a motion for a new trial is committed to the trial court's sound discretion.  <u>See</u> <u>McDonough Power Equip., Inc. v. Greenwood</u>, 464 U.S. 548, 556 (1984).   The party seeking to set aside a jury verdict must demonstrate trial error which constitutes prejudicial error, or that the jury verdict was not based on substantial evidence.  <u>White v. Conoco, Inc.</u>, 710 F.2d 1442, 1443 (10th Cir. 1983).  In reviewing a motion for a new trial, the Court must view the evidence in the light most favorable to the non-moving party.  <u>Griffin v. Strong</u>, 983 F.2d 1544, 1546 (10th Cir. 1993).

### B.  Motion for Judgment as a Matter of Law or, Alternatively, for a New Trial

The City asserts that the judgment against it is erroneous in several respects.  Specifically, the City argues that: 1) Plaintiff should not have been permitted to assert a claim for false imprisonment at trial; and 2) the evidence presented at trial did not support Plaintiff's claim for false imprisonment against Sergeant Perez, and that Sergeant Perez is entitled to qualified immunity.  See Def. Mot. (Doc. No. 76) at ¶ 2.  Plaintiff disputes each of these contentions.

### 1.  The City's Objection to Plaintiff's Assertion of False Imprisonment Claim

At trial, the City raised an objection to Plaintiff's assertion of a claim for false imprisonment, arguing that such a claim was not contained in the pretrial order.[2]  The City argues that since there was no claim for false imprisonment in the pretrial order, Plaintiff is barred by FED. R. CIV. P. 16(e) from asserting that claim at trial.  The Court reserved ruling on the City's objection at trial and submitted the theory of false imprisonment against the City, by reason of the conduct of Sergeant Perez, to the jury, indicating that the City could raise the objection again in a post-trial Rule 50(b) motion.

Rule 16(e) states in pertinent part that: "This [pretrial] order shall control the subsequent course of the action unless modified by a subsequent order.  The order following a pretrial conference shall be modified only to prevent manifest injustice."  The City asserts that the only claim contained in the pretrial order was against Defendants Officer Locke and the City based on Officer Locke's alleged false arrest of Plaintiff, and that Plaintiff never formally moved to amend

---

[2] At the close of evidence, Defendants Officer Locke and the City raised an objection to Plaintiff's assertion of the claim for false imprisonment. Tr. at 451-52. The Court stated that it would reserve ruling on Defendants' objection under Rule 50(b) until after the jury returned a verdict. Id. at 461.

the pretrial order to include a claim for false imprisonment. Def. Mot. (Doc. No. 76) ¶ 2. The City also contends that Plaintiff failed to request a jury instruction for the claim of false imprisonment, and consequently waived the claim. Id.  The City points out that Sergeant Perez was not named as a Defendant in Plaintiff's complaint, and maintains that any attempt by Plaintiff to amend the complaint to add Sergeant Perez as a party would have been barred by the statute of limitations. Def. Reply Mem. (Doc. No. 81) at 2-3.

The Tenth Circuit has held that "[a]n order entered pursuant to Rule 16(e) supersedes the pleadings and controls the subsequent course of the litigation." Tyler v. City of Manhattan, 118 F.3d 1400, 1403 (10th Cir. 1997). The inclusion of a claim in the pretrial order is deemed to amend any previous pleadings which did not include that claim. Wilson v. Muckala, 303 F.3d 1207, 1215 (10th Cir. 2002). Thus, when an issue is set forth in a pretrial order, it is not necessary to amend previously filed pleadings, because the pretrial order is the controlling document for trial. Id. The burden rests on the parties to "meticulously examine" the pretrial order and take exception to any additions or omissions therein. Id. at 1216.

In the Tenth Circuit case Wilson v. Muckala, the defendant doctor appealed a jury verdict against him on a claim for negligent infliction of emotional distress, arguing that the claim had not been clearly alleged against him in the pretrial order. 303 F.3d at 1214. In Wilson, the defendant had objected at trial to the inclusion of the claim for negligent infliction of emotional distress, and the trial court reserved ruling on the objection until after the jury returned a verdict. Id. After the jury returned a verdict against the defendant on the claim, the trial court overruled the defendant's objection, concluding that the defendant had not been unfairly surprised by the inclusion of the claim. Id. On appeal, the Tenth Circuit reversed, finding that the plaintiff had failed to

sufficiently state the claim for negligent infliction of emotional distress in the pretrial order. Id. at 1216. Finding the pretrial order to be ambiguous, the Tenth Circuit in Wilson interpreted the pretrial order contextually, examining the claims alleged in the plaintiff's amended complaint to determine whether the plaintiff had intended to include a claim for negligent infliction of emotional distress in the pretrial order. Id. The Tenth Circuit noted that although the plaintiff had included a claim for negligent infliction of emotional distress in the original complaint, the plaintiff had dropped that claim from the amended complaint, and neither party had made any mention of the claim anywhere in the pretrial order, or during the course of the trial. Id.

Applying the methodology and reasoning used by the Tenth Circuit in the Wilson decision, this Court now overrules the City's objection to Plaintiff's assertion of a claim for false imprisonment against the City based on the conduct of Sergeant Perez. Examining the language of the Amended Pretrial Order (Doc. No. 45), the Court observes that the claim for false imprisonment is impliedly referenced in several different places. Section III of the Amended Pretrial Order, entitled "Brief Description of Nature of Claims/Defenses," contains the following statement: "The conduct of the Albuquerque Police Department through its agents Officer Richard Locke and Sergeant Andrew Perez was unlawful pursuant to the New Mexico Tort Claims Act and the United States Constitution." Am. Pretrial Order (Doc. No. 45) at 4. Since Sergeant Perez was not involved in Plaintiff's arrest, the only "conduct" that Plaintiff could have been referring to is Sergeant Perez's actions taken in connection with Plaintiff's imprisonment. If, as the City argues, the only claim that Plaintiff was asserting in the Amended Pretrial Order was one of false arrest against Officer Locke, there would be no reason for Plaintiff to have mentioned Sergeant Perez in this section of the Amended Pretrial Order.

Section IV of the Amended Pretrial Order, entitled "Factual Contentions Underlying Claims/Defenses," states in pertinent part: "Plaintiff contends that his arrest *and detention* for DWI was unlawful and without probable cause or legal justification." (emphasis added). Id. at 5. A claim for false arrest does not depend on the facts or circumstances of a post-arrest detention. Thus, the only logical and reasonable explanation that Plaintiff included evidence of his detention in the Amended Pretrial Order is that Plaintiff intended to assert a claim for false imprisonment as well as a claim for false arrest.

Moreover, Section IX of the Amended Pretrial Order, entitled "Anticipated Witnesses," lists both Sergeant Perez and Officer Hagel. Id. at 10-11. As Plaintiff points out, the testimony of Sergeant Perez and Officer Hagel would be relevant only for the claim of false imprisonment. Thus, Plaintiff's listing of Sergeant Perez and Officer Hagel as anticipated witnesses in the Amended Pretrial Order constitutes further evidence of Plaintiff's intention to assert a claim for false imprisonment at trial. If the City believed that Plaintiff did not intend to assert a claim for false imprisonment, it could have objected to the inclusion of these witnesses as irrelevant and unnecessary. However, the City not only failed to object to Plaintiff's naming of these witnesses, but the City also listed Sergeant Perez and Officer Hagel as potential witnesses for the Defense in the Amended Pretrial Order. Id. at 12. The City's inclusion of Sergeant Perez and Officer Hagel as anticipated witnesses in the Amended Pretrial Order belies its assertion that the City did not know Plaintiff would assert a claim for false imprisonment at trial.

While the City is correct in noting that Plaintiff did not include the claim for false imprisonment in Section VI of the Amended Pretrial Order, entitled "Contested Issues of Law," this does not bar Plaintiff from asserting the claim of false imprisonment at trial. Plaintiff's claim

8

for false imprisonment is referenced implicitly in several other sections of the Amended Pretrial Order.  At most, Plaintiff's failure to include the claim for false imprisonment in Section VI renders the language of the Amended Pretrial Order ambiguous.  Applying the Tenth Circuit's methodology from Wilson, this Court interprets the ambiguous language of the Amended Pretrial Order in the context of the claims stated in Plaintiff's complaint, and concludes that Plaintiff clearly intended to include a claim for false imprisonment.  Wilson, 303 F.3d at 1216.   Unlike the plaintiff in Wilson, who dropped the disputed claim from his amended complaint, in this case Plaintiff explicitly alleged a claim in his complaint for false imprisonment against the City based on the conduct of its employees under the NMTCA.[3]  Compl. (Doc. No. 1) ¶¶ 23, 55.  Since the Court finds that the Amended Pretrial Order contains the claim for false imprisonment, Plaintiff was not barred by Rule 16(e) from asserting the claim at trial.

The City next argues that because Plaintiff failed to request a jury instruction for the claim of false imprisonment, Plaintiff waived that claim.  However, the City cites no authority for the proposition that failure to submit a proposed jury instruction for a civil claim constitutes waiver of that claim.  In any event, Plaintiff did present a proposed jury instruction that referenced the claim of false imprisonment.  Plaintiff's proposed instruction stated, in pertinent part: "Officer Richard Locke and/or Sergeant Andrew Perez . . . committed a false arrest or false imprisonment of the

---

[3] Plaintiff's claim of false imprisonment against Defendant City is based on the conduct of its employees. In his complaint, Plaintiff mistakenly named Sergeant Logie Mathis as a defendant, apparently believing that Sergeant Mathis, rather than Sergeant Perez, was the person involved in Plaintiff's detention.  See Compl. (Doc. No. 1) at ¶ 23.  On July 15, 2003, this Court granted the parties' joint motion to dismiss with prejudice the claims against Sergeant Mathis (Doc. No. 41).  Plaintiff never amended the complaint to name Sergeant Perez individually in this action.  Nevertheless, Plaintiff may still assert a claim of false imprisonment against Defendant City based on the conduct of Sergeant Perez under the theory of respondeat superior.  See Silva v. New Mexico, 745 P.2d 380, 385 (1987) (holding that government entity may be liable under respondeat superior for torts committed by its employees that are actionable under the NMTCA).

plaintiff . . . ." Pl.'s Proposed Jury Instr. No. 14 (Doc. No. 56) at 22.  Thus, the City's assertion that Plaintiff waived any claim for false imprisonment by failing to submit a proposed jury instruction is without merit.

The City also asserts that Plaintiff was precluded from pursuing a claim of false imprisonment because Sergeant Perez was not named as a defendant in the complaint and Plaintiff would have been barred by the statute of limitations from amending the complaint to add Sergeant Perez.  As noted above, the Amended Pretrial Order includes a claim for false imprisonment against the City based on the conduct of its employee, Sergeant Perez.  In accordance with the holding in Wilson, the inclusion of a claim for false imprisonment in the Amended Pretrial Order is deemed to amend previous pleadings, so Plaintiff was not required also to amend the complaint.  See 303 F.3d at 1215.  Since the burden was on the City to "meticulously examine" the Amended Pretrial Order and raise any objections to its contents before it was entered, the City may not now argue that Plaintiff is barred from asserting a claim of false imprisonment.  Id. at 1216; see also 3 JAMES WM. MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 16.78[3] (3d ed. 2003) (the parties may be bound by contents in the final pretrial order because it "represents a complete statement of all the contentions of the parties.")  Accordingly, the Court overrules the City's objection, and finds that the claim of false imprisonment was properly submitted to the jury.

    2.       Evidence to Support Claim for False Imprisonment

The City argues that Plaintiff did not present sufficient evidence at trial to support Plaintiff's claim for false imprisonment under the NMTCA, and that Sergeant Perez is entitled to

qualified immunity.[4]  The Tenth Circuit has held that, in reviewing claims for qualified immunity, a court must first determine whether the plaintiff has asserted a violation of a constitutional or statutory right.[5]  Medina v. Cram, 252 F.3d 1124, 1128 (10th Cir. 2001) (citing Wilson v. Layne, 526 U.S. 603, 609 (1999)).  If the court determines that the plaintiff has asserted the violation of a constitutional or statutory right, the court must then determine whether that right was "clearly established."  Id.  In determining whether the right was "clearly established," the court assesses the objective legal reasonableness of the action at the time of the alleged violation and asks whether "the right [was] sufficiently clear that a reasonable officer would understand that what he is doing violates that right."  Id.

Applying this legal standard, the Court must first consider whether the evidence presented at trial supports a finding that Sergeant Perez violated Plaintiff's constitutional or statutory rights by falsely imprisoning Plaintiff.  In this case, the jury was properly instructed that under New Mexico law, false imprisonment consists of: 1) intentionally confining or restraining another

---

[4] Plaintiff's claim for false imprisonment is brought under the NMTCA.  While it is well-settled that the doctrine of qualified immunity protects officials from claims brought under 42 U.S.C. § 1983, it is less clear that qualified immunity may be raised as a defense to claims brought under the NMTCA.  In Romero v. Sanchez, the New Mexico Supreme Court noted that it remains an "open question" whether the doctrine of qualified immunity applies to claims brought under the NMTCA.  895 P.2d 212, 218 (N.M. 1995).  However, the Court in Romero declined to decide the question, since the issue was not properly before the Court.  Id.  In this case, the parties apparently assumed that qualified immunity does protect officials from actions brought under the NMTCA, and so did not argue at trial whether Sergeant Perez may raise the defense of qualified immunity for the claim of false imprisonment.  Accordingly, this Court will allow the City to argue that Sergeant Perez is entitled to qualified immunity for purposes of this motion.

[5] Plaintiff correctly points out that the City's assertion of the qualified immunity defense would have been more appropriately raised before trial in a motion for summary judgment.  See Albright v. Rodriguez, 51 F.3d 1531, 1534 (10th Cir. 1995) (since qualified immunity is designed to ensure that erroneous suits do not even go to trial, immunity questions should be resolved at earliest possible stage of litigation). However, the City is not precluded from raising the defense of qualified immunity in a post-trial motion for judgment as a matter of law.  See, e.g., Melton v. City of Okla. City, 879 F.2d 706, 727 (10th Cir. 1989) (defendant permitted to raise issue of qualified immunity post-trial and in absence of prior summary judgment motion), overruled on other grounds by Bartlett v. Fisher, 972 F.2d 911 (10th Cir. 1992).

person without his consent; and 2) with knowledge that he has no lawful authority to do so." Jury Instr. No. 9 (Doc. No. 72) at 9; Romero v. Sanchez, 895 P.2d 212, 215 (N.M. 1995) (citing N.M.S.A. 1978 § 30-4-3). With respect to the second prong of the Romero test, the case law offers little guidance for determining whether a defendant acts "with knowledge that he has no lawful authority" to confine or restrain a plaintiff. However, there is persuasive authority suggesting that the second prong of the Romero test is satisfied if the defendant lacked an "honest belief from the facts and circumstances . . . that would warrant a prudent and cautious person in believing that plaintiff should be restrained." Diaz v. Lockheed Elec., Inc., 618 P.2d 372, 376 (N.M. Ct. App. 1980) (Sutin, J., concurring); cf. Scull v. New Mexico, 236 F.3d 588, 599 (10th Cir. 2000) (holding defendants not liable for false imprisonment because they believed that they had lawful authority to confine plaintiffs).

The City argues that Plaintiff did not present sufficient evidence to satisfy the second prong of the Romero test, because there was no evidence that Sergeant Perez knew that he had no authority to confine or restrain Plaintiff. Def. Mem. (Doc. No. 77) at 3. The Court finds, however, that based on the evidence presented at trial, a reasonable jury could find that Sergeant Perez lacked an "honest belief from the facts and circumstances in this case that would warrant a prudent and cautious person in believing that Plaintiff should be restrained." Diaz, 618 P.2d at 378.

At trial, Officer Hagel testified that he informed Sergeant Perez that Plaintiff's blood

alcohol level had been zero. Tr. at 158-59.[6]  Officer Hagel testified that Sergeant Perez responded by instructing Officer Hagel to proceed with transporting Plaintiff to BCDC because Officer Hagel did not know the facts of the case and was "simply a taxi driver at this point."  Id.  Sergeant Perez testified at trial that instead of simply ordering Officer Hagel to proceed with transporting Plaintiff to BCDC, Sergeant Perez could have taken the additional investigatory actions of: 1) contacting Officer Locke to confirm the grounds for Plaintiff's arrest; 2) speaking directly with UNMH personnel to confirm the affirmations of Officer Hagel; or 3) ordering Officer Hagel to delay the transport until further information could be gathered.  Id. at 220.  Sergeant Perez asserted that no additional investigatory actions were necessary because at the time that Officer Hagel arrived at UNMH to transport Plaintiff to BCDC, the investigation of Plaintiff's DWI crime was completed.  Id. at 209.

Yet, Sergeant Perez then contradicted that testimony by admitting that Plaintiff's DWI investigation could not have been completed without the results of Plaintiff's blood alcohol test, which were unknown until Officer Hagel arrived to transport Plaintiff from UNMH.  Id.  Sergeant Perez also admitted that police officers are required to investigate new credible information that comes to their attention.  Id. at 209-11.  From this evidence, a reasonable jury could infer that the investigation into Plaintiff's DWI charge was not completed at the time that Officer Hagel contacted Sergeant Perez, and that Sergeant Perez should have undertaken

---

[6] The Court notes with displeasure that both parties failed to order a transcript of the trial proceedings from the court reporter prior to filing their briefs in connection with this motion, and thus submitted their briefs without making a single citation to specific testimony or other evidence presented at trial.  Since the arguments of both parties rely heavily on the testimony presented at trial, the unreasonable failure of the parties to order a trial transcript has caused considerable delay and inconvenience to the Court's resolution of this motion.

additional investigatory steps in light of the new information about Plaintiff's blood alcohol level of zero.

Sergeant Perez then testified that, in situations where the exercise of discretion is warranted, police officers are required to consider available resources in making an appropriate decision, and that the appropriate decision should be the least restrictive that still accomplishes the purposes of the law.  Id. at 223.  Sergeant Perez acknowledged that the resources available to him in exercising his discretion could have included contacting Officer Locke to discuss the details of Plaintiff's arrest.  Id. at 225.  However, Sergeant Perez admitted that he did not use those resources before ordering Officer Hagel to transport Plaintiff to BCDC.  Id. at 224-26.  Sergeant Perez also acknowledged that ordering Officer Hagel to transport Plaintiff to BCDC was not the least restrictive decision that would have still accomplished the purposes of the law.  Id. at 224-25.  From this evidence, a reasonable jury could infer that Sergeant Perez knew that he was not following proper procedure in making his decision to order Officer Hagel to transport Plaintiff to BCDC.  In light of this evidence, a reasonable jury could conclude that Sergeant Perez did not have an honest belief that would warrant a prudent and cautious person in believing that Plaintiff should be restrained.

The City maintains that Sergeant Perez acted in good faith and with probable cause, and therefore his employer, the City, should not be liable for falsely imprisoning Plaintiff.  The New Mexico Supreme Court has stated that, as a defense to a civil claim for false imprisonment, a defendant may prove that he acted in good faith and with probable cause.  See State v. Johnson, 930 P.2d 1148, 1153-54 (N.M. 1996).  Probable cause exists when the facts and circumstances within the defendant's knowledge were sufficient to warrant a prudent person in believing that the

plaintiff had committed a crime. Id. at 1153.  The question of whether a defendant had a good-faith, reasonable belief that a plaintiff had committed a crime is a question for the jury to decide. Id. at 1154.

In this case, the jury was properly instructed on the claim of false imprisonment, and the defense to that claim that an officer has the right to imprison someone if the officer does so in good faith and with probable cause to believe that the person had committed a crime.  Jury Instr. No. 9 (Doc. No. 72) at 9.  Again, based on the aforementioned evidence that was presented at trial, a reasonable jury could have found that Sergeant Perez did not act in good faith, or that the facts and circumstances known to Sergeant Perez were not sufficient to warrant a prudent person in believing that Plaintiff had committed the crime of driving while intoxicated.  In particular, Officer Hagel testified that Plaintiff's blood alcohol level of zero was "slightly unusual" for a DWI arrest. Tr. at 159. Sergeant Perez testified that the information he received regarding Plaintiff's blood alcohol level of zero presented the possibility that Plaintiff was innocent of the crime of DWI. Id. at 217.  In addition, Sergeant Perez testified that an innocent person going to jail constitutes an emergency, and that a police sergeant is required to take action in the event of such an emergency, even if the arrest was not made under his direct command. Id.  Moreover, Sergeant Perez testified that his exercise of discretion in ordering Officer Hagel to transport Plaintiff to BCDC was done in contradiction of proper procedure because Sergeant Perez had not utilized available resources in making the decision, and because the decision was not the least restrictive alternative under the circumstances. Id. at 223-26.

Accordingly, the Court finds that Plaintiff did present sufficient evidence at trial for a reasonable jury to find that Sergeant Perez violated Plaintiff's rights by falsely imprisoning Plaintiff.  Since the Court has determined that Plaintiff has asserted the violation of a constitutional or statutory right, the next step is for the Court to determine whether that right was clearly established so that a reasonable official in the defendant's position would have understood that his conduct violated that right.  A constitutional or statutory right is clearly established for qualified immunity purposes when there is "a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts [has] found the law to be as the plaintiff maintains." Camfield v. City of Okla. City, 248 F.3d 1214, 1228 (10th Cir. 2001).

As a general proposition, the clearly established weight of authority from courts outside the Tenth Circuit recognizes the constitutional right to be free from false imprisonment. See, e.g., Cannon v. Macon County, 1 F.3d 1558, 1564 (11th Cir. 1993) (finding constitutional right to be free from false imprisonment was clearly established for qualified immunity purposes); Douthit v. Jones, 619 F.2d 527 (5th Cir. 1980); Gonzalez v. Bratton, 147 F.Supp.2d 180, 201 (S.D.N.Y. 2001).  Furthermore, the Tenth Circuit has noted that a police officer may be liable under New Mexico law for civil claims of false imprisonment.  See Scull, 236 F.3d at 598-99.  The Court therefore finds that at the time of the incident in question, the law was clearly established that a citizen has the constitutional right to be free from false imprisonment, and that Sergeant Perez should have reasonably understood that his conduct toward Plaintiff violated that right.  Thus, Sergeant Perez and his employer, the City, are not entitled to the defense of qualified immunity for Plaintiff's claim of false imprisonment.

THEREFORE, it is ordered that the City's Motion for Judgment as a Matter of Law or, in the Alternative, for a New Trial is DENIED.

_____
SENIOR UNITED STATES DISTRICT JUDGE